

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHADIJAH SOLOMON | Criminal Indictment<br><br>No. **1:25CR0272**<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

## Background

At all times material to this indictment:

1. The Fulton County Jail in Atlanta, Georgia was a facility operated and controlled by the Fulton County Sheriff's Office, which was responsible for the custody, control, care, and safety of pretrial detainees.

2. Defendant KHADIJAH SOLOMON was employed as a sergeant with the Fulton County Sheriff's Office.

3. M.P., Q.L., and T.C. were pretrial detainees at the Fulton County Jail.

## Count One
### Deprivation of Rights Under Color of Law

4. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

5. On or about January 16, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, while acting under color of law as a sergeant for the Fulton County Sheriff's Office, willfully deprived M.P. of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right of a pretrial detainee to be free from a law enforcement officer's use of unreasonable force. Specifically, Defendant SOLOMON, without legal justification, repeatedly tased M.P. The offense involved the use, attempted use, and threatened use of a dangerous weapon and resulted in bodily injury to M.P.

All in violation of Title 18, United States Code, Section 242.

## Count Two
## False Report

6. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

7. On or about January 16, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation of that matter. Specifically, Defendant SOLOMON wrote the "Supervisor Investigation Report" portion of an incident report in which she falsely described her interaction with, and use of force against, M.P. by falsely stating that M.P. "had a tray in his hand as if he was getting ready to throw the

tray at me[, and] I then upholstered [sic] my Fulton County issued Taser and deployed it into [M.P.];" and by omitting that (1) Defendant SOLOMON tased M.P. multiple times after the initial taser deployment, (2) Defendant SOLOMON tased M.P. while M.P. was complying and attempting to comply with Defendant SOLOMON's verbal commands, and (3) Defendant SOLOMON hit M.P. in the head.

All in violation of Title 18, United States Code, Section 1519.

## Count Three
### Deprivation of Rights Under Color of Law

8. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

9. On or about January 26, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, while acting under color of law as a sergeant for the Fulton County Sheriff's Office, willfully deprived Q.L. of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right of a pretrial detainee to be free from a law enforcement officer's use of unreasonable force. Specifically, Defendant SOLOMON, without legal justification, repeatedly tased Q.L. The offense involved the use, attempted use, and threatened use of a dangerous weapon and resulted in bodily injury to Q.L.

All in violation of Title 18, United States Code, Section 242.

## Count Four
## False Report

10. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

11. On or about January 26, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation of that matter. Specifically, Defendant SOLOMON wrote a use of force report and the "Supervisor Investigation Report" portion of an incident report in which she falsely described her interaction with, and use of force against, Q.L. by falsely stating that Q.L. was interviewed and stated "he wanted to be shot by the taser because he was not going to adhere to the officer's repeated verbal commands;" by omitting that (1) Defendant SOLOMON tased Q.L. multiple times after the initial taser deployment, and (2) Defendant SOLOMON tased Q.L. while Q.L. was complying and attempting to comply with Defendant SOLOMON's verbal commands; and by incorporating in her report another officer's false statements that Q.L. "aggressively walked towards Sgt. K. Solomon and she deployed her Fulton County Issued Taser" while omitting that those statements are false.

All in violation of Title 18, United States Code, Section 1519.

## Count Five
## Deprivation of Rights Under Color of Law

12. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

13. On or about January 27, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, while acting under color of law as a sergeant for the Fulton County Sheriff's Office, willfully deprived T.C. of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right of a pretrial detainee to be free from a law enforcement officer's use of unreasonable force. Specifically, Defendant SOLOMON, without legal justification, repeatedly tased T.C. The offense involved the use, attempted use, and threatened use of a dangerous weapon and resulted in bodily injury to T.C.

All in violation of Title 18, United States Code, Section 242.

## Count Six
## False Report

14. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

15. On or about January 27, 2025, in the Northern District of Georgia, Defendant KHADIJAH SOLOMON, acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation of that matter.

Specifically, Defendant SOLOMON wrote a use of force report and the "Initial Report" portion of an incident report in which she falsely described her interaction with, and use of force against, T.C. by falsely stating that (1) T.C. "touched my shoulder and I deployed my Fulton County issued taser 4S077 into [T.C.'s] chest," (2) T.C. "continued to be aggressive and threatening, in which I deployed an additional cartridge into [T.C.]," (3) T.C. "threatened me so he was dry stunned to regain compliance," and (4) T.C. "stood up in a threatening manner and was dry stunned again until he began to listen and sit still on the bench as he was instructed."

All in violation of Title 18, United States Code, Section 1519.

A ___TRUE___ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

BRET R. HOBSON
*Assistant United States Attorney*
Georgia Bar No. 882520

BRENT ALAN GRAY
*Assistant United States Attorney*
Georgia Bar No. 155089

600 U.S. Courthouse

75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

HARMEET DHILLON
*Assistant Attorney General*
Civil Rights Division

BRIANA M. CLARK
*Trial Attorney*
DC Bar No. 1735505